JOHN LANAHAN
California State Bar No. 133091
550 West C Street, Suite 1670
San Diego, California  92101-8557
Telephone No. (619) 237-5498
FAX: (619) 487-0508
E-mail: lawnahan@sbcglobal.net

*Attorney for Defendant Linda Raja*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>              Plaintiff,                      )<br>                                                        )<br> v.                                                  )<br>                                                        )<br> LINDA RAJA,                               )<br>                                                        )<br>              Defendant.                   )<br>                                                        )<br> _____ ) | Criminal No. 14cr3703-02-JLS<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN OF SUPPORT OF MOTIONS (1) FOR DISCOVERY, (2) TO DECLARE THE CASE COMPLEX, AND (3) FOR LEAVE TO FILE FURTHER MOTIONS** |

**I. STATEMENT OF FACTS**

On December 23, 2014, an eleven count indictment was filed in this case, charging Linda Raja with conspiracy to defraud the United States with respect to false claims, in violation of 18 U.S.C. § 286 [count one]; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 [count two]; and nine counts of submitting false claims, in violation of 18 U.S.C. § 287.  Ms. Raja was extradited from Singapore to the United States, and was arraigned on these charges on October 31, 2016.  At this point, no discovery has been produced, in what was represented by the Government at the detention hearing on November 3, 2016, as a massive fraud scheme.

## II. MOTION TO COMPEL THE PRODUCTION OF FURTHER DISCOVERY

Ms. Raja makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989).

(1) **Ms. Raja's Statements**. The government must disclose: (1) copies of any written or recorded statements made by Ms. Raja (2) copies of any written record containing the substance of any statements made by Ms. Raja in response to interrogation by a known government agent; and (3) the substance of any statements made by Ms. Raja which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

With respect to the second category, Ms. Raja specifically requests any rough notes taken by any agents of either the United States or Singapore of her alleged post-arrest statements. Under Federal Rule of Criminal Procedure 16, the government is specifically required to produce "that portion of *any* written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent." Id. (emphasis added). In explaining the amendment, the advisory committee notes to the 1991 amendment to Rule 16 state:

> The rule now requires the prosecution, upon request, to disclose any written record which contains reference to a relevant oral statement by the defendant which was in response to interrogation, without regard to whether the prosecution intends to use the statement at trial. The change recognizes that the defendant has some proprietary interest in statements made during interrogation regardless of the prosecution's intent to make any use of the statements.
>
> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which

would provide some means for the prosecution and defense to identify the statement.

Fed. R. Crim. P. 16 advisory committee's note.

As the plain language of the rule and the advisory committee notes make clear, five elements must be met for an item to be discoverable. First, the item must be a written record. Second, it must contain a reference to an oral statement made by the defendant. Third, the oral statement must be relevant. Fourth, the statement must be in response to interrogation by a government agent. Fifth, the defendant must know that the interrogator is a government agent. If *any* written record possesses these elements, it is discoverable.

Finally, under the third category, the government is required to disclose the substance of any "relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial." Fed. R. Crim. P. 16(a)(1)(A). The government's intent to use the statement at trial is read broadly -- it includes not only statements to be introduced into evidence at trial but also statements used for impeachment purposes. See Fed. R. Crim. P. 16 advisory committee's notes ("[T]he prosecution must also disclose any relevant oral statement which it intends to use at trial, without regard to whether it intends to introduce the statement. Thus, an oral statement by the defendant which would only be used for impeachment purposes would be covered by the rule."). Ms. Raja requests that the substance of all such statements be produced immediately. She asks that the Court prohibit the use at trial of any such statements that are not produced pursuant to this request. See Fed. R. Crim. P. 16(d)(2) (the court may "prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances").

(2) **The Defendant's Prior Record**. Ms. Raja requests disclosure of her prior

criminal record.  See Fed. R. Crim. P. 16(a)(1)(B).

(3) **Documents and Tangible Objects**.  Ms. Raja requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the prosecution's case-in-chief or were obtained from or belong to her.  See Fed. R. Crim. P. 16(a)(1)(C).

(4) **Reports of Scientific Tests or Examinations**.  Ms. Raja requests the reports of all tests and examinations that are material to the preparation of the defense or are intended for use by the government at trial.  See Fed. R. Crim. P. 16(a)(1)(D).

(5) **Expert Witnesses**.  Ms. Raja requests the name and qualifications of any person that the government intends to call as an expert witness.  See Fed. R. Crim. P. 16(a)(1)(E).  In addition, Ms. Raja requests written summaries describing the bases and reasons for the expert's opinions.  See Id.

(6) *Brady* **Material**.  Ms. Raja requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment.  See *Brady v. Maryland*, 373 U.S. 83 (1963).  Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Ms. Raja requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct.  See *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). In addition, Ms. Raja requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(7) **Request for Preservation of Evidence**.  Ms. Raja specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or

otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes any physical or medical evidence relied upon by the government.

(8) **Any Proposed 404(b) Evidence**. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Ms. Raja requests such notice two weeks before trial in order to allow for adequate trial preparation.

(9) **Evidence Seized**. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

(10) **Evidence of Bias or Motive to Lie**. The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(11) **Impeachment Evidence**. The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* Fed R. Enid. 608, 609 and 613; *Brady v. Maryland*, *supra*; *Kyles v. Whitley, supra*.

(12) **Evidence of Criminal Investigation of Any Government Witness**. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any

evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(14) **Name of and Witness Favorable to the Defendant**. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify his or who was unsure of his identity, or participation in the crime charged.

(15) **Statements and Evidence Relevant to the Defense**. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(16) **Jenks Act Material**. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the *Jenks* Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.1. Advance production will avoid the possibility of delay at the request of defendant to investigate the *Jenks* material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boswell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jenks Act.

(17) ***Giglio*** **Information**. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18) **Agreements Between the Government and Witnesses**. The defendant requests discovery regarding any express or implicit promise, understanding, offer of

immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(19) **Informants and Cooperating Witnesses**. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Ms. Raja. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviero v. United States*, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant, including exculpatory information given in informal interviews of the material witness.

(20) **Expert Summaries**. Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to, fingerprint expert testimony.

(21) **Residual Request**. Ms. Raja intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Ms. Raja

requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

//

### III. MOTION TO DECLARE THE CASE COMPLEX

From the representations made by the Government at the detention hearing, the information in this case is voluminous and obtained at least over a two year period. Additional time is necessary for the defense to review this information. Ms. Raja therefore asks the Court to declare this case complex pursuant to 18 U.S.C. § 3161(h)(8).

//

### IV. MOTION FOR LEAVE TO FILE FURTHER MOTIONS.

It is likely that a further review of *any* will give provide a basis for additional pre-trial motions, such as a motion to suppress post-arrest statements or for severance based upon statements attributed to one or more co-defendants. Ms. Raja therefore asks for leave to file further motions in the event a review of the discovery reveals a basis for further pre-trial proceedings.

//

### V. CONCLUSION

For the foregoing reasons, Ms. Raja respectfully requests that the Court grant her motions and grant her leave to file further motions.

Respectfully submitted,

Dated: November 25, 2016  
s/ *John Lanahan*  
550 West C Street, Suite 1670  
San Diego, CA 92101-8557  
(619) 237-5498/FAX 487-0508  
E-mail: lawnahan@sbcglobal.net

*Attorney for Linda Raja*